IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WARREN DENNING, et al., individually
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

TEXTRON AVIATION, INC.,

      Defendant.

Case No. 25-1110-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiffs Warren Denning, Dominic Valle, and Kimberly Valle filed this putative class action in Kansas state court. Plaintiffs' Petition asserts a variety of state-law claims against defendant Textron Aviation, Inc. Defendant removed the case to this court, relying primarily on federal jurisdiction over bankruptcy cases. Two motions now are pending: defendant's Motion to Dismiss (Doc. 8) and plaintiffs' Motion to Remand (Doc. 11). As this Order explains, however, our court's local rules require the court to refer this case to the bankruptcy judges for the district. The court thus can't reach either pending motion.

D. Kan. Rule 83.8.5(a) explains that an Amended Standing Order of Reference (No. 13-1) "refers to the bankruptcy judges for this district, all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." *See also Larkin v. Bank of Am., N.A.*, No. 15-1151-MLB, 2015 WL 5252637, at *2 (D. Kan. Sept. 9, 2015) ("The general rule in this district is that all proceedings under, and related to, Title 11 of the United States Code are referred to district bankruptcy judges."). Our court's local rule

mirrors the statutory text of 28 U.S.C. § 1334(b), which provides district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in and related to cases under title 11." Indeed, defendant here invokes § 1334(b) to support federal jurisdiction. Doc. 1 at 6 (Notice of Removal ¶¶ 21–24).

"The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding conceivably could have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quotation cleaned up). This test is awkward to apply in cases like this one, where the bankruptcy court has already confirmed the plan of reorganization. That's so because "confirmation of a debtor's plan vests the estate's property in the debtor and the estate ceases to exist." *In re In Play Membership Gold, Inc.*, 576 B.R. 15, 21 (Bankr. D. Colo. 2017). Although it hasn't said so expressly, "the Tenth Circuit and its B.A.P. have effectively applied the close-nexus test to the few post-confirmation disputes that have come[] to their attention." *In re Angel Fire Corp.*, No. 12-CV-01256-MA-WPL, 2013 WL 1856350, at *12 (D.N.M. May 2, 2013). Under this close-nexus test, "a bankruptcy court may only exercise post-confirmation related-to jurisdiction over a proceeding if there is a close nexus connecting that proceeding with some demonstrable effect on the debtor or the plan of reorganization in the lead bankruptcy." *Id.* at *14. "Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3d Cir. 2004). Applying this close-nexus test here, plaintiffs' claims relate to a Title 11 case. Here's why.

Defendant is the successor in interest to Beechcraft Corporation. Doc. 1 at 2 (Notice of Removal ¶ 6); Doc. 1-1 at 11 (Pet. ¶ 17). Highly summarized, plaintiffs' claims allege that the

landowners—currently defendant and previously Beechcraft and Beechcraft's predecessor—spilled toxic chemicals into the area around an aircraft-manufacturing site. Doc. 1-1 at 11–13 (Pet. ¶¶ 16–32). But Beechcraft previously "filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code[.]" Doc. 1 at 2 (Notice of Removal ¶¶ 4–6). And as part of the confirmation order in those bankruptcy proceedings, Beechcraft secured a discharge injunction, which discharged debts arising before the 2013 confirmation date. *Id.* at 3–4 (Notice of Removal ¶ 9). Defendant thus contends that plaintiffs' claims are subject to this discharge provision. *Id.* at 4 (Notice of Removal ¶ 13).

Under our local rule, a bankruptcy judge must decide whether defendant is right. Plaintiffs' claims have the requisite close nexus to Beechcraft's bankruptcy proceedings because, for plaintiffs to succeed on their claims over defendant's discharge defense, a court must interpret the scope and effect of the confirmation plan from Beechcraft's bankruptcy proceedings. *See In re G-I Holdings, Inc.*, 564 B.R. 217, 252–53 (Bankr. D.N.J. 2016) (concluding related-to jurisdiction was proper because defendant's discharge affirmative defense satisfied close-nexus test), *aff'd*, No. 01-30135 (RG), 2017 WL 1788656 (D.N.J. May 5, 2017). The court thus concludes that plaintiffs' lawsuit is "related to a case under Title 11" and that the court must refer it to the bankruptcy judges for this district. D. Kan. Rule 83.8.5(a).[1]

The court isn't persuaded by plaintiffs' argument that this case must remain in the district court. Doc. 12 at 12–13. They posit that they have a right to a jury trial and that they won't consent to a bankruptcy judge conducting that trial. *Id.* Our local rule envisions the possibility that the bankruptcy court will lack power to enter a valid final judgment. *See* D. Kan. Rule

---

[1] For clarity, the court determines just that this case relates to a case under Title 11 for purposes of D. Kan. Rule 83.8.5(a). The court leaves it to the bankruptcy court to examine, in the first instance, its jurisdiction over this case.

3

83.8.5(c). In such a case, the rule dictates that "the bankruptcy judge shall . . . hear the proceeding and submit proposed findings of fact and conclusions of law to the District Court." *Id.* If this case progresses to trial and plaintiffs indeed have a right to a jury trial, they may move at that time to transfer the case back to the district court. *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown."); *see also In re Hardesty*, 190 B.R. 653, 656–57 (D. Kan. 1995) (rejecting argument that court must withdraw referral to bankruptcy court because of jury-trial right because the "interests of judicial efficiency will be promoted by having the bankruptcy judge manage the pretrial proceedings until the case becomes ready for trial"). The court thus rejects plaintiffs' argument.

Finally, the court expresses no opinions about the merits of defendant's Motion to Dismiss (Doc. 8) or plaintiffs' Motion to Remand (Doc. 11). Our court's local rule provides that the bankruptcy court should get the first crack at these pending motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk of Court close this civil case and refer it to the bankruptcy court.

**IT IS SO ORDERED.**

**Dated this 3rd day of March, 2026, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**